## Kuen *v.* Wertley, Appellant.

*Negligence—Automobiles—Collision between wagon and automobile.*

In an action by the owner of a horse and wagon against the owner of an automobile to recover damages for the death of a horse, the case is for the jury and verdict and judgment for plaintiff will be sustained, where it appears that the defendant drove along a street at a high rate of speed, and in attempting to pass through a narrow space between the plaintiff's horse and wagon and another team, struck the horse and injured it so that the animal had subsequently to be killed.

Argued Nov. 10, 1916. Appeal, No. 117, Oct. T., 1915, by defendant, from judgment of C. P. No. 1, Philadelphia Co., March T., 1914, No. 1880, on verdict for plaintiff in case of Samuel W. Kuen v. Harvey L. Wertley. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for the death of a horse. Before PATTERSON, J.

The evidence tended to show that the accident happened while the defendant, in driving his automobile at a high rate of speed, attempted to pass through a narrow space between the plaintiff's horse and wagon and another team, and struck the horse and injured it so that it had to be killed.

The court charged as follows:

This is a suit for damages brought by Samuel W. Kuen against Harvey L. Wertley. The damages are alleged to have arisen from a collision between plaintiff's wagon, and the defendant's automobile. It is admitted that the defendant is the owner of a certain automobile, and that the automobile collided with the shaft of the wagon belonging to the plaintiff on the 20th day of December, 1913, in the neighborhood of Broad and Cayuga streets,

while the wagon was being driven south on the west side of Broad street.

Now one of the questions for you to decide is, how did the accident occur? Was it an unavoidable accident that could not be prevented by ordinary care upon the part of the driver of the wagon and owner of the automobile? If so, your verdict must be for the defendant, because if it were nobody's fault, then nobody can be held legally responsible. Or did the accident occur through the carelessness of the driver of the wagon, either entirely or partially? If so, then your verdict must be for the defendant, because the doctrine of contributory negligence would apply, and that doctrine is that if an accident occurs through the negligence—that is, either the doing of something that a man of ordinary care would not do under the circumstances, or the omitting to do something that a man of ordinary care would do under the circumstances—I say if an accident occurs through the negligence of the party who is injured, or his servants, then there can be no recovery.

But if you find that the driver of the wagon was free from any negligence at all in driving down Broad street, and he was doing that which a man of ordinary care would do under the circumstances, then the next question for you to determine is whether the man that operated the automobile was exercising the care that a man of ordinary caution would exercise in operating an automobile along Broad street at that time, and place, and if you find that he was not careful, was not looking where he was going, or not operating his automobile with reasonable care, and that his lack of care caused this collision, then you may find a verdict in favor of the plaintiff, provided you find that the plaintiff's servant was in no way negligent.

Under such circumstances the plaintiff would be entitled to recover for the loss of his horse. It is admitted that the horse was injured in such a fashion that he had to eventually be killed.

363, (1916).]     Verdict—Opinion of the Court.

Verdict and judgment for plaintiff for $200. Defendant appealed.

*Error assigned,* amongst others, was refusal of binding instructions for defendant.

*William F. Rorke,* for appellant, cited: Wright v. Mitchell, 252 Pa. 325; Diver v. Singer Mfg. Co., 205 Pa. 170; Presser v. Dougherty, 239 Pa. 312; Davis v. Osborn, 62 Pa. Superior Ct. 291.

*G. Nicholaus Nicholson,* for appellee, cited: Everett v. Sturges, 46 Pa. Superior Ct. 612; Keile v. Kahn, 30 Pa. Superior Ct. 416.

OPINION BY KEPHART, J., December 18, 1916:

The facts and the law covering this case were clearly and carefully submitted to the jury by Judge PATTERSON of Common Pleas No. 1. The question of the defendant's negligence in attempting to drive between the two wagons and of his manner of driving were, under the evidence, purely questions of fact. There was ample testimony to warrant the verdict of $200 which, as we view it, was not excessive.

The judgment of the court below is affirmed.